UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED A. MUSLEH,

        Petitioner,

v.                                                         Case Number 06-14108
                                                          Honorable David M. Lawson

SHIRLEE A. HARRY,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

       The petitioner, Mohamed Musleh, a state prisoner presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. The petitioner was convicted of four counts of delivery of more than 50 grams but less than 225 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iii), and one count of conspiracy to deliver more than 50 grams but less than 225 grams of cocaine, Mich. Comp. Laws § 750.157a, following a jury trial in the Oakland County, Michigan circuit court in 1996. He was sentenced to five consecutive terms of six to twenty years imprisonment on those convictions. In his pleadings, the petitioner raises claims concerning the non-disclosure of evidence, the jury instructions, his right to an evidentiary hearing, the sufficiency of the evidence, the notice of the charges, and the effectiveness of trial and appellate counsel.

       The respondent has filed a motion for summary judgment seeking dismissal of the petition for failure to comply with the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1).

The Court concludes that the petition was filed out of time in this Court and the late petition cannot be saved by the doctrine of equitable tolling. The Court, therefore, will dismiss the petition.

I.

Following his convictions and sentencing, the petitioner filed an appeal with the Michigan Court of Appeals, which affirmed his convictions and sentence. *See People v. Musleh*, 1998 WL 1986993 (Mich. Ct. App. Dec. 29, 1998) (unpublished). He filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Musleh*, 461 Mich. 909, 603 N.W.2d 784 (Nov. 2, 1999) (Table).

On October 10, 2000, the petitioner filed a motion for relief from judgment in the state trial court, which was denied on March 9, 2001. He then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *See People v. Musleh*, No. 234267 (Mich. Ct. App. Aug. 24, 2001) (unpublished). He submitted an application for leave to appeal in the Michigan Supreme Court, but his application was rejected as untimely on September 16, 2002. *See* Affidavit of Michigan Supreme Court Clerk Corbin Davis [dkt # 14].

The petitioner filed a second motion for relief from judgment in the state trial court on October 3, 2004, which was denied. He then filed an application for leave to appeal this decision in the Michigan Court of Appeals, but his application was dismissed for lack of jurisdiction pursuant to Michigan Court Rule 6.502(G)(1). *See People v. Musleh*, No. 265075 (Mich. Ct. App. Sept. 30, 2005) (unpublished). He also sought leave to appeal in the Michigan Supreme Court, but his application was similarly denied "because the defendant's motion for relief from judgment is prohibited by MCR 6.502(G)." *See People v. Musleh*, 474 Mich. 984, 707 N.W.2d 202 (Mich. Dec. 27, 2005) (Table)

The petitioner signed his federal petition for a writ of habeas corpus on July 27, 2006. The respondent filed her motion for summary judgment on March 27, 2007 asserting that the petition should be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. The petitioner filed an answer to the motion on April 23, 2007 asserting that the one-year period should be equitably tolled.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, impose a one-year statute of limitations upon prisoners seeking relief from state court convictions via habeas corpus. The one year statute of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." 28 U.S.C. § 2244(d)(2). Generally, a petition for a writ of habeas corpus will be dismissed where it has not been filed within the one-year statute of limitations period. *See Isham v. Randle*, 226 F.3d 691, 694-95

(6th Cir. 2000) (dismissing case case filed thirteen days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

The petitioner's convictions became final after AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on direct appeal on November 2, 1999. The petitioner then had ninety days in which to seek a writ of certiorari from the United States Supreme Court. *See* Sup. Ct. R. 13(1). With regard to the statute of limitations, therefore, his convictions became final on February 1, 2000. *See Lawrence v. Florida*, __ U.S. __, __, 127 S. Ct. 1079, 1083-84 (2007) (noting that the time for seeking direct review of a state court conviction includes the time for seeking a writ of certiorari from the United States Supreme Court). Accordingly, the petitioner was required to file his habeas petition on or before February 1, 2001, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

The petitioner filed his first state court motion for relief from judgment on October 10, 2000. At that point, 250 days of the one-year period had run. The one-year period was then tolled while the motion was pending in the state courts. The trial court denied relief on March 9, 2001 and the Michigan Court of Appeals denied leave to appeal on August 24, 2001. The petitioner then had fifty-six days in which to seek leave to appeal with the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(C)(2). He did not do so in a timely fashion. The one-year period was thus only tolled until October 19, 2001 – fifty-six days after the Michigan Court of Appeals denied leave to appeal the denial of the motion for relief from judgment. The one-year period then resumed running and expired 115 days later, on or about February 11, 2002. The AEDPA's limitation period is only

tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). Further, the limitation period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (emphasizing the distinction between tolling and starting the limitations period all over again).

The petitioner filed a second motion for relief from judgment in the state court on October 3, 2004. The one-year limitation period, however, had already expired. A state court motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *Searcy*, 246 F.3d at 519. The petitioner's state court proceedings that were initiated in 2004 have no impact on the calculation of time under the statute of limitations. The petitioner's federal habeas petition, signed on July 27, 2006, therefore is untimely.

The petitioner does not allege facts to show that the State created an impediment to filing his habeas petition or that his claims are based upon newly-created rights or newly-discovered facts. His habeas petition is thus presumptively barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).

Nevertheless, the petitioner contends that the doctrine of equitable tolling should apply to change this result. The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is

appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The factors which the Court is to consider are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. However, "equitable tolling [should] be applied sparingly." *Ibid.* Apart from these factors, the Supreme Court has held that a petitioner seeking equitable tolling must point to "some extraordinary circumstance" that stood in the way of compliance. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

The petitioner in this case asserts that he is entitled to equitable tolling because he was born in Yemen and only has a "loose grasp" of the English language, has little understanding of legal proceedings, and must rely on jailhouse lawyers to assist him. "An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The record reveals that the petitioner was able to pursue his state appeals and proceed with his first state court motion for relief from judgment despite his difficulties with English, limited legal knowledge, and reliance upon jailhouse lawyers. "[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations." *Cobas*, 306 F.3d at 444.

Additionally, the fact that the petitioner is untrained in the law, may have been proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does

not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (neither ignorance of the law nor the reliance on incorrect legal advice justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing"); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). The petitioner also has not shown diligence in seeking habeas relief given that he submitted his second state court motion for relief from judgment more than two-and-a-half years after his first motion was denied. *See Dunlap*, 250 F.3d at 1010; *Jones v. Gundy*, 100 F. Supp. 2d 485, 488 (W.D. Mich. 2000).

Finally, although the petitioner does not make this argument, he cannot secure equitable tolling through a claim of actual innocence. The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter,* to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. The petitioner has made no such showing. His contention that his habeas claims have merit does not state a claim of actual innocence, nor does it justify tolling the limitations period. *See Holloway*, 166 F. Supp.

2d at 1191. The petitioner has failed to demonstrate that he is entitled to equitable tolling of the one-year period.

III.

The Court concludes that the petition for a writ of habeas corpus was not filed within the time permitted by 28 U.S.C. § 2244(d). The Court further concludes that the petitioner has not established that he is entitled to statutory or equitable tolling of the one-year statute of limitations period.

Accordingly, it is **ORDERED** that the respondent's motion for summary judgment [dkt # 6] is **GRANTED** and that the petition for writ of habeas corpus is **DISMISSED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 8, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2008.

s/Felicia M. Moses
FELICIA M. MOSES